IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK KEITH GOODMAN,

        PETITIONER,

v.

UNITED STATES OF AMERICA,

        RESPONDENT

_____/

_____ FILED   _____ ENTERED  Civ. No.:RDB-12-2972
_____ LOGGED  _____ RECEIVED

        Crim. No.:RDB-08-0056

JUL 31 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

BY

## MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COMES, Frank Keith Goodman, Petitioner, pro-se in the above cited proceedings respectfully petitioning the court to alter or amend its judgment entered on September 28, 2015, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On September 28, 2015 the district court entered an order by which it denied the movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 and accompanying motions. Rule 59(e) states:

> "Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in law; (2) new evidence that was not available at trial; or (3) that there has been a clear error or a manifest injustice"

## PRELIMINARY STATEMENT:

On September 28, 2015, this court having reviewed the relevant motions and opposition thereto denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 415), Petitioner's Motion for Appointment of Counsel (ECF No. 428), and granted Petitioner's



1

Motion to Amend (ECF No. 433).

Petitioner now raises two claims cognizable under Rule 59(e) for consideration by this court:

> (1) In its September 28, 2015 Memorandum Opinion the court committed a clear error of law or fact by denying Petitioner relief pursuant to the Supreme Court's decision in Fowler.

> (2) The court committed clear error in failing to grant a evidentiary hearing in relation to Petitioner's plea advice.

The purpose of a motion for reconsideration is to correct "manifest errors of law or fact..." DIRECTTV. Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004)(quoting Harsco Corp. v. Zlotnicki 779 F.2d 906, 909 (3d Cir. 1985)); see also United States v. Dickerson, 971 F. Supp. 1023, 1024 (E.D. Va. 1997). " A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." DIRECTTV, Inc., 366 F. Supp. 2d at 317

DISCUSSION:

> (1) In its September 28, 2015, Memorandum Opinion the court committed a clear error of law or fact by denying Petitioner relief pursuant to FOWLER.

In the court's memorandum opinion it was conceded that the Supreme Court's decision in Fowler v. United States, 131 S. Ct. 2045 (2011), does apply retroactively to cases on collateral review. See

United States v. Smith, 723 F.3d 510, 515 (4th Cir. 2013)("[W]e agree that the Fowler right has been newly recognized by the Supreme Court and that it is retroactively applicable to cases on collateral review.").[1]/ However, the court presumes that petitioner's argument is one of mere jury instruction, ("Petitioner, while not raising the issue explicitly, essentially contends that a jury instruction based on the Fowler case would have changed the outcome of his trial."), see Memorandum Opinion at 9, and that just like the Smith case, the evidence in this case against Byers and Goodman was substantial and satisfied the reasonable likelihood standard set forth in the Fowler case, see Memorandum Opinion at 10.

Here, as in United States v. Tyler, 732 F.3d 241 (3d Cir. 2013), the Government failed to put forth any "additional appropriate evidence" showing the reasonable likelihood that the victim would have communicated with a federal officer. Tyler, 732 F.3d at 252. A review of Petitioner's trial record compels that there is enough evidence to support Petitioner's claim that he is actually innocent of violating the provisions of § 1512's federal investigation related communication component.

The court transposes Smith's facts onto Petitioner's case characterizing the evidence as "extensive drug activity, the type of which is addressed jointly by the DEA with the Baltimore Police Department". Memo. Op. at 11.

1/ Petitioner in the original § 2255 also raised that counsel was ineffective for failure to raise the Fowler issue prior to his conviction becoming final. Petitioner does not pursue this claim on 59(e) but reserves the right to seek COA on this issue.

In _Fowler_, the Supreme Court considered the federal nature
requirement in § 1512(a)(1)(C)(same as Petitioner), which proscribed
the murder of a person with the intent to"prevent the communication
by any person to a law enforcement officer or judge of the United States
of information relating to the commission or possible commission of a
federal offense." The federal prosecution in _Fowler_ arose after
Charles Fowler shot a police officer who caught him and his
associates suiting up to rob a bank. 131 S. Ct. at 2048. It was clear
that _Fowler_ had shot the officer with intent to prevent him from
speaking to other law enforcement officers, but that he did not have
any specific law enforcement officer or set of officers in mind at
the time. To satisfy the federal nexus requirement in such a situation,
the Court held, the government must demonstrate "a resasonable
likelihood" that, had, e.g., the _victim_ communicated with law
enforcement officers, at least one relevant communication would
have been made to a federal law enforcement officer." Id. at 2052;
see also, _United States v. Shavers_, 693 F.3d 363, 379 (3d Cir. 2012)
("The 'reasonable likelihood' standard set-forth in _Fowler_ relates
to the probability of [a] victim communicating information to a
federal officer, an element required under the investigation
related portion of §.1512...").

That said, the government and the court, did not, and cannot
point to any place in the record to show there is a reasonable like-
lihood that the _victim_ would have communicated with _federal law
enforcement officers_, as opposed to state. A clear error of the law
is the court's use of § 922(g) [2/] as a hypothetical reason for communicat-
ion to a federal law enforcement officer when the record shows that

2/ Because Petitioner was not charged with violating § 922(g), a jury could not
have inferred that his offense was federal in nature.

4

any attempts to silence Lackl were directed toward the pending state court proceeding. The Fourth Circuit held in <u>Smith</u>, "To be sure, <u>the presence of drug trafficking alone might not be enough to satisfy the 'reasonable likelihood' standard</u>, but the federal nature of drug trafficking, plus 'additional appropriate evidence' does meet the standard. See <u>United States v. Bell</u>, 113 F.3d 1345, 1349 (3d Cir. 1997) (noting that federal nexus in §1512(a)(1) "may be inferred by the jury from the fact that the offense was federal in nature, plus additional appropriate evidence"); see also <u>United States v. Ramos-cruz</u>, 667 F.3d 487, 497 (4th Cir. 2012)(adopting Third Circuit standard).

In contrast to <u>Smith</u>, where the government did put forth <u>additional appropriate evidence</u> showing the reasonable likelihood that the victim's reports would have been brought to the attention of federal law enforcement officers, and DEA Special Agent Brisolari testified that the DEA field office's biggest source of information was the Baltimore City Police Department and that the DEA worked in close cooperation with the Baltimore City Police Department, specifically mentioning its participation in six of nine task forces. The case at hand provides none of the <u>additional appropriate evidence</u> to show that Lackl's communications were federal in nature beyond simply hypothetical, the record simply will not support reasonable likelihood standard, at the time of the crimes, there was no federal officers involved in the case; the victim never met with or spoke to a federal officer; and the federal proceedings were not initiated or even contemplated at the time of the crime. Futhermore, Petitioner would like to point out as in <u>Tyler</u>, that "[t]o establish this reasonable likelihood [element], there must be evidence-not merely argument of the witness's cooperation with law enforcement." Id. at 252.

5

See _Fowler_, _supra_., "The reasonable likelihood standard was necessary to prevent transformation of a federally oriented statute into a statute that would deal with crimes, investigations, and tampering that, as a practical matter, are purely state in nature." Id.

In sum, the court's entire federal nexus is premised on a hypothetical which the evidence does not support in contrast to the _Smith_ case. While Petitioner understands "that the government need not prove that a federal investigation was in progress at the time the defendant committed [a] witness-tampering offense." See, _Tyler_, 732 F.3d at 252. The court failed to recognize that the record doesn't support any _testimony_ about involving both local and federal law enforcement working together as in _Smith_, and _Ramos-Cruz_, and thus, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the _facts or applicable law_, or where the party produces new evidence that could not have been obtained through the exercise of due diligence". _Prudential Securities, Inc. v. LaPlant_, 151 F.R.D. 678, 679 (D.kan. 1993).

    (2) The court committed clear error in failing to grant a evidentiary hearing in relation to Petitioner's plea advice.

In its Memorandum Opinion the court holds that as in Gilchrist, Petitioner has failed to establish a plea offer was made. Mem. Op. at 16.

This conclusion is falwed in two respects as it relates to the record and the law as applied to a claim of ineffective assistance based on failure to relay a plea offer to a defendant.

RECORD INCONCLUSIVE:

The court maintains that "'Based on this evidence, it is clear that the Petitioner was not offerd a plea agreement". Mem. Op. at 16. Not so, the record as it stands in no way conclusively shows that no formal offer was made. The court bases this assertion on the Gov't Response Brief in which it states:[3]/

> The response to Goodman's plea offer claim is simple. No plea offer was made to Goodman. Despite his Attorneys' request to government counsel for a number, Goodman, who was viewed by the government as Byers' alter ego in the murder of Mr. Lackl, was never made a plea offer by the government. Gov't Resp. at 34.

Petitioner has submitted a detailed declaration attesting to the communications held between himself and trial counsel Christopher Davis, Esq., prior to trial. See § 2255 Supporting Facts and United States v. Alvarez, 2006 US App. LEXIS 7597 (Federal prisoner's 28 U.S.C. § 2255 motion was made under penalty of perjury and was, therefore, competent evidence that district court should have considered when it denied inmates § 2255 motion without holding a evidentiary hearing).

[3]/ These assertions are unsworn and contested by Petitioner.

7

Affirming that at the least counsel had informed him that a plea was offered. The government itself concedes that some form of plea negotiations were discussed. See United States v. Evans, 2011 U.S. App. LEXIS 9426 (4th Cir. March 10, 2011)(An evidentiary hearing in a open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000)).

In United States v. Ramirez, 122 Fed. Appx. 14 (4th Cir. 2004), Ramirez asserted that counsel provided ineffective assistance by failing to give pretrial advice about whether to plead guilty or to proceed to trial and by failing to disclose a ten-year plea offer from the Government. In its unverified response, the Government contended that Ramirez's counsel provided competent pre-trial advice and that the record did not support Ramirez's claim that a plea offer was made. The Government did not provide any affidavits to support its assertions.

The district court rejected Ramirez's claim that counsel failed to provide adequate pretrial advice. The court found that the presentence report attributed 367.8 kilograms of cocaine to Ramirez and that he could be convicted of offenses involving more than five kiolgrams of cocaine. Next, the court found that the transcript of the sentencing hearing belied Ramirez's claim that coumsel failed to advise him about the benefits of pleading guilty versus going to trial. The district court also concluded that Ramirez's claim that counsel failed to

communicate a plea offer was meritless because it was based on an unsupported assumption that the Gov't had made such an offer.

The Fourth Circuit found that the district court ignored Ramirez's sworn statements and instead accepted the Goverment's unverified assertions. Because resolution of these ineffective assistance of counsel claims turned on a credibility determination, the court vacated that portion of the district court's order and remanded for futher proceedings. See Raines, 423 F.2d at 530 ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive").

These assertion(s) taken as true as they must be, with no evidence in the record to refute it establishes a factual basis to conclude counsel at the very least had been in negotiations with the government concerning a plea and the specifics are in question.[4]

The Government's January 29, 2009 e-mail does not provide any contrary support that a plea based on cooperation was not offered, thus, the government contention that Goodman was unwilling to cooperate because he refused to proffer and cooperate, a necessary predicate to a cooperative plea agreement, no cooperative plea terms were likewise ever offered to Goodman is self-serving and suspect.

Petitioner submitts that the record as it stands is inconclusive as to the issue of just what plea offer was made, by whom, and under what conditions.

---

[4] Trial counsel did not provide any affidavit to refute the assertions of Petitioner.

APPLICATION TO CASE:

      In the case of Petitioner, the holdings of <u>Frye</u>, and <u>Lafler</u>, <u>supra</u>., have a clear effect. As the Supreme Court recognizes more than one scenario can arise during negotiations in which a failure to act or misadvice can constitute deficient performance.

      See Frye, supra., "As a general rule, defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused. Any exception to this rule need not be addressed here, for the offer was a formal one..." The court noted the informal nature of back hallway dealing rampant in plea negotiations by stating "This underscores that the plea-bargaining process is often in flux, with no clear standard or timeliness and with no judicial supervision of the discussions between prosecution and defense". To allow the United States Attorney to put forth a offer, then counter that no offer was made once a guilty verdict is reached because a written agreement was not memorialized, whether from a failure to recollect or other inadvertent circumstances runs afoul of acceptable standards, [5/]

---

[5/] The court's reliance on <u>Gilchrist</u> is misplaced, in Gilchrist which is still pending before district court on 59(e), the court made a distinction between the terms plea offer and formal plea prompting a legal conclusion that a formal plea was required for counsels duty under the Sixth Amendment to be required.

CONCLUSION

For all of the foregoing reasons and the reasons set-forth in Petitioner's section 2255 motion the instant motion to alter or amend judgment should be granted.

Respectfully Submitted,

*Frank Goodman*

Frank K. Goodman, pro-se

# CERTIFICATE OF SERVICE

I, Frank K. Goodman, hereby certify that I have served a true and correct copy of the foregoing:

Motion to Alter or Amend Judgment

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Office of the U.S. Attorney
District of Maryland

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this October day of 9th , 2015

Respectfully Submitted,

*Frank Goodman*

Frank K. Goodman

REG. NO. 43303-037

11